UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| WENDELL DWAYNE O'NEAL,<br><br>    Plaintiff,<br><br>v.<br><br>MINNESOTA, MINNEAPOLIS COMMUNITY TECHNICAL COLLEGE, LAURA FEDOCK, DEE BERNARD, JASON DORSETT, UNKNOWN MCTC BUSINESS OFFICE COLLECTIONS STAFF,<br><br>    Defendants. | Civil No. 09-2746 (RHK/SRN)<br><br>**REPORT AND RECOMMENDATION** |

This matter is before the undersigned United States Magistrate Judge on Plaintiff's "Application To Proceed Without Prepayment of Fees," (Docket No. 2), by which he is seeking leave to proceed in forma pauperis, ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1). The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court will recommend that Plaintiff's IFP application be denied, and that this action be dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An IFP application will be denied, and the action will be dismissed, when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). To state an actionable claim for relief, a plaintiff must allege a set of historical facts, which, if proven true, would entitle the plaintiff to some legal redress against the named defendant(s) based on some cognizable legal theory. Although federal courts must "view

pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

The Plaintiff's current complaint fails to state an actionable claim because it is unintelligible. It appears that Plaintiff recently tried to enroll at Defendant Minneapolis Community Technical College, ("MCTC"), but something went awry. Plaintiff obviously believes that MCTC and some of its employees violated his rights under federal law, but his complaint does not present an understandable explanation of what they allegedly did wrong. The Court has made a concerted effort to understand and interpret Plaintiff's pleading, but it is, for the most part, simply inscrutable.[1]

---

[1] One paragraph of the complaint, which well illustrates the incomprehensibility of Plaintiff's pleading, reads as follows:

> "MCTC required plaintiff selective service professional judgment determination prior to admission despite knowledge he was not entitled to receive Title IV financial aid benefits provided by NSLDA."

(Complaint, [Docket No. 1], p. 7, ¶ 23.)

Another typical example of Plaintiff's pleading is the following:

> "MCTC maliciously provided plaintiff with estimated $590.15 book voucher repayment contract to obtain educational materials needed for its online business management courses to indebt him beyond ability to repay denying 2009 fall semester registration supra contrary to provisions included in its administrative accounts receivable policy 5.10.01."

(Id., p. 8, ¶ 25.)

This is a third example:

> "U.S. education department discharged 1985 Stafford student loan default on July 17, 2009 wrongfully reported against plaintiff by Michigan Academy of Court Reporting for ability to benefit false certification."

(Id., p. 10, ¶ 36.) **[continued....]**

2

In sum, Plaintiff's complaint is fatally defective, because he has not presented a comprehensible statement of historical events, which if true, would support an actionable claim for relief. The complaint does not provide a coherent description of what, specifically, each named Defendant allegedly did (or failed to do) that supposedly would entitle Plaintiff to legal redress. Thus, the Court finds that the complaint fails to state a cause of action on which relief can be granted. It follows that Plaintiff's IFP application must be denied, and this action must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated: November 17, 2009

    s/ Susan Richard Nelson
SUSAN RICHARD NELSON
United States Magistrate Judge

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **December 2, 2009** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals.

---

These three extracts from the complaint were not selected to create a misleading impression; they were selected because they accurately exemplify Plaintiff's entire pleading.